UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



In re:

THE APPLICATION OF BARTHÉLÉMY
SAMUEL JEAN DESSAINT FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782
COMPELLING THE PRODUCTION OF
DOCUMENTS AND TESTIMONY BY
CHRISTIE'S, INC.

No. 13 Misc. 99 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

By Order dated January 17, 2014 ("January 17 Order"), the undersigned, sitting in Part I, denied the motion of Jean-Charles Lignel ("Lignel") for (1) vacatur of a March 26, 2013 Stipulation and Order endorsed by the Honorable Kimba M. Wood directing Christie's, Inc. to produce documents pursuant to a subpoena served by Barthélémy Samuel Jean Dessaint ("Dessaint") under 28 U.S.C. § 1782, and (2) an injunction against Dessaint from further seeking or accepting documents in response to this subpoena. (Doc. No. 18.) On January 31, 2014, Lignel appealed the January 17 Order to the Second Circuit. (Doc. No. 23.) Subsequently, on February 4, 2014, Lignel moved for sanctions against Dessaint and his counsel Schindler Cohen & Hochman LLP. (Doc. No. 24.) The Court heard oral argument on the sanctions motion on April 25, 2014. At oral argument, the Court stated on the record the reasons why the motion must be denied, but reserved a formal ruling because Dessaint's counsel suggested – for the first time – that the appeal of the January 17 Order divested the Court of jurisdiction. The Court now finds that it retains jurisdiction over Lignel's motion and denies the motion for the reasons stated on the record at oral argument.

It is well established that "[t]he filing of a notice of appeal is an event of jurisdictional significance [in that] it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1349 (2d Cir. 1989). Importantly, "the filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised *and decided* in the order that is on appeal." *Terry*, 884 F.2d at 1349 (emphasis added). Lignel's sanctions motion presents two questions: (1) whether, in the absence of a court order to the contrary, 28 U.S.C. § 1782 incorporates the notice requirement of Federal Rule of Civil Procedure 45, and (2) if so, whether Dessaint's failure to serve Lignel with notice of the Christie's subpoena constituted sanctionable conduct.[1] Neither of these questions was decided in the Court's January 17 Order, which denied Lignel's motions for vacatur and injunctive relief as nonjusticiable. (*See* Doc. No. 18.) Thus, although the January 17 Order is on appeal, the Court retains jurisdiction over Lignel's sanctions motion.

Having found that it retains jurisdiction over Lignel's sanctions motion, the Court HEREBY DENIES that motion for the reasons stated on the record at oral argument. The Clerk of the Court is respectfully directed to terminate the motion pending at Doc. No. 24.

SO ORDERED.

Dated:   April 28, 2014
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[1] Lignel also sought sanctions on the ground that Dessaint purportedly misled the Court about the nature of prior French proceedings. (Doc. No. 25 at 9–11.) At oral argument, Lignel withdrew this basis for the sanctions motion.