N.Y.S.D. Case #
13-mc-099(RJS)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November, two thousand fourteen.

Present: ROSEMARY S. POOLER,
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
*Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: Dec. 17, 2014

BARTHELEMY SAMUEL JEAN DESSAINT,

*Plaintiff-Appellee,*

v.                                         14-321-cv

JEAN-CHARLES LIGNEL,

*Appellant.*[1]

Appearing for Appellant:   John R. Cahill (Ronald W. Adelman, *on the brief*), Cahill Partners, LLP, New York, N.Y.

Appearing for Appellee:   Matthew A. Katz (Rebecca L. Fine, *on the brief*), Schindler Cohen & Hochman LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

---

[1] The Clerk of Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Jean-Charles Lignel appeals from the January 17, 2014 order of the United States District Court for the Southern District of New York (Sullivan, *J.*), sitting in Part One, dismissing his motion to vacate a March 26, 2013 Stipulation and Order ("March 26 Order") as nonjusticiable. The March 26 Order permitted Barthelemy Samuel Jean Dessaint to subpoena documents related to Lignel from Christie's Inc. ("Christie's") pursuant to an ex parte application under 28 U.S.C. § 1782. Lignel argues that he was entitled to notice of the subpoena. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"Article III of the Constitution limits federal courts' authority—that is, our subject matter jurisdiction—to disputes involving live cases and controversies." *Cnty. of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (internal quotation marks omitted); *see also* U.S. Const. art. III, § 2. "In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999). Thus, "if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case" as moot. *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (internal quotation marks omitted). It is well settled that where a case is moot the court may not "issue an advisory opinion." *ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004).

The district court found that Lignel's motion was moot when filed. We agree. Lignel sought an injunction against Dessaint to prevent further discovery of documents from Christie's. However, in order "[t]o obtain *prospective* relief, such as . . . an injunction, a plaintiff must show, *inter alia*, a sufficient likelihood that he [or she] will again be wronged in a similar way." *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012) (alterations and emphasis in original) (internal quotation marks omitted). But Lignel acknowledged before the district court that all documents held by Christie's concerning him had been produced to Dessaint and submitted to the French courts. Because there is no reasonable expectation, or even allegation, that further document production will occur, the district court correctly found that, with respect to the injunction, Lignel lacked an actual injury capable of redress by a favorable decision. In the absence of such a remedy, merely vacating the March 26 Order and communicating this decision to the French courts, as Lignel seeks, would offer no effective relief as the French courts have already received, reviewed, and relied on the Christie's documents. The district court properly declined to issue an advisory opinion.

We have considered the remainder of Lignel's arguments and find them to be without merit. Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit